IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr23 |
| | ) | |
| TROY LAMONT JOHNSON | ) | |

## POSITION OF THE UNITED STATES
## WITH RESPECT TO SENTENCING

In accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the Probation Officer's presentence report ("PSR") prepared in this matter, and that it does not dispute any of the factors or facts set out therein.

### The Defendant's Objections

1. <u>Drug Weights</u>: The defendant objects to the total drug weights, 4,010.4 lbs. of marihuana (1,819.09 kilograms), attributed to him in the PSR. The defendant contends that his total drug weights should be limited to: the 300 lbs. of marijuana seized by the police in Chesapeake on September 14, 2015; *and* an additional 300 lbs. of marihuana which results from the conversion to its marihuana equivalent of the $149,865 in cash seized from the defendant's apartment in Virginia Beach on the same date. Defendant's objections (ECF No. 81) at 1-2. The defendant specifically objects to being attributed with the marihuana equivalent of $303,960 in cash seized by the police in Phelps County, Missouri on January 8, 2015 (despite a description of this incident being included in the defendant's statement of facts). *Id.* at 2. *See also* defendant's PSR at 4-5. The defendant also objects to being attributed with 2,900 total lbs. of marihuana based

on the statements of a cooperating co-defendant. *Id. See also* defendant's PSR at paragraphs 9-13. According to the defendant, "[t]he only evidence [supporting the attribution to the defendant of] the remaining 3410 pounds of marijuana comes . . . from . . . [a co-defendant who] is a convicted felon and . . . a career offender . . . [who is trying to] 'help[] himself out' in any way possible." *Id.* at 1.

The government submits that the defendant's drug weights have been properly calculated. Under the Sentencing Guidelines, § 1B1.3(a), drug quantities not specified in the count of conviction may be considered for sentencing purposes if they constitute "the same course of conduct" or were part of "a common scheme or plan," collectively referred to as "relevant conduct." *See, e.g.*, *United States v. Young,* 609 F.3d 348, 357-59 (4th Cir. 2010) (district court "obligated" to consider government evidence of "related conduct" at sentencing even though jury found drug quantity in special verdict form, the jury finding being determinative only of the statutory maximum); *United States v. Jones,* 356 F.3d 529, 536-37 (4th Cir.) (affirming drug quantity based on relevant conduct even though defendant was *acquitted* of conspiracy charge), *cert. denied*, 541 U.S. 952 (2004); *United States v. Hodge,* 354 F.3d 305, 312-15 (4th Cir. 2004) (no "clear error" in district court's consideration of drugs sold in New York in 1996 as "relevant conduct" in drug case brought in Virginia in 1999, where evidence showed defendant had no lawful employment and had engaged in drug trafficking "in other places in between" in the interim); *United States v. Ellis,* 975 F.2d 1061, 1067 (4th Cir. 1992); and *United States v. McNatt,* 931 F.2d 251, 258 (4th Cir. 1991).

The Probation Officer has properly attributed a total of 4,010.4 lbs. of marihuana (1,819.09 kilograms) to the defendant. The government will be prepared to present testimony in support of

the conduct described in the disputed paragraphs as well as the total drug weights attributed to the defendant in the PSR at the defendant's sentencing.

Proof of drug quantity which does not increase the statutory maximum (including any enhancement due to prior convictions) is a sentencing factor to be determined by the court by a preponderance of the evidence. *See, e.g., United States v. General*, 278 F.3d 389, 393 (4th Cir.) (drug quantity not an element of the offense where sentence is less than statutory maximum), *cert. denied*, 536 U.S. 950 (2002); *United States v. McAllister*, 272 F. 3d 228, 232 (4th Cir. 2001) (joining other circuits in holding "that § 841 is not facially unconstitutional"); *United States v. Roberts*, 262 F.3d 286, 291 (4th Cir. 2001) (concurrent 30-year sentences not implicated by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where defendant faced a 30-year maximum due to prior drug conviction), *cert. denied*, 535 U.S. 991 (2002); *United States v. Angle*, 254 F.3d 514, 518 (sentence up to 20-year statutory maximum not implicated by *Apprendi*); and *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000) (factual determinations which increase sentence under the Sentencing Guidelines not implicated by *Apprendi* as long as sentence does not exceed statutory maximum for offense of conviction), *cert. denied*, 532 U.S. 937 (2001). The statutory maximum applicable to the drug count (Count One) to which the defendant pled guilty is 40 years' imprisonment. The defendant's guidelines prescribe a sentence of 108 to 135 months, well within the statutory maximum sentence. The defendant's objections to the disputed drug weights should be overruled.

2. <u>Maintaining a Premises for Manufacturing or Distributing a Controlled Substance</u>: The defendant further objects to the application of a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12). United States Sentencing Guidelines § 2D1.1(b)(12) states, "[i]f the defendant

maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels. Application Note 17 at § 2D1.1 states, in part:

> Subsection (b)(12) applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution.
>
> Among the factors the court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.
>
> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

The § 2D1.1(b)(12) enhancement has been properly applied in this case. The facts relied on by the Probation Officer is applying this enhancement are set forth at paragraph 13[1] of the PSR. In addition to the information set forth in the PSR, which already provides adequate support for the enhancement, the government will present the following additional evidence in support of this enhancement at the defendant's sentencing.

Beginning in approximately 2010, the defendant rented a room over an attached garage at a residence on Crystalwood Circle in Chesapeake. The defendant rented the room continuously until his arrest on September 14, 2015. The defendant resided at the Crystalwood Circle location

---

[1] The government submits that paragraph 13 of the PSR contains one minor error. The sentence that reads "A search warrant at the Coltrane Drive address uncovered empty black and green duffel bags, a small amount of marijuana and maps of Arizona" should instead read "A search warrant at the Crystalwood Circle address uncovered empty black and green duffel bags, a small amount of marijuana and maps of Arizona."

exclusively until approximately 2013 when the defendant obtained another residence in Virginia Beach. Nevertheless, the defendant continued to pay rent for the location until his arrest. In June of 2015, the defendant began to visit the Crystalwood Circle residence more frequently. During this time, the defendant asked the leaseholder whether he knew anyone who wanted marihuana. Thereafter, the defendant would leave 5 lbs. to 10 lbs. quantities of marihuana inside the garage at the Crystalwood Circle residence for the leaseholder to distribute. This happened approximately one time per month from approximately June of 2015 until September of 2015. The leaseholder would repay the defendant for the marihuana after he sold it by leaving money in the garage for the defendant to retrieve. The defendant's objection to the § 2D1.1(b)(12) enhancement should be overruled.

3. <u>Acceptance of Responsibility</u>: The defendant's objections indicate that he has not accepted responsibility for all of his criminal conduct. A defendant has the burden to prove, by a preponderance of the evidence, that he is entitled to a reduction for "acceptance of responsibility." *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989); *United States v. Urrego-Linares*, 879 F.2d 1234, 1239 (4th Cir. 1989); *United States v. White*, 875 F.2d 427, 431 (4th Cir. 1989).

The district court's determination regarding acceptance of responsibility is deemed factual in nature, and therefore will be affirmed on appeal unless clearly erroneous. *United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007); *United States v. Kise*, 369 F.3d 766, 771 (4th Cir. 2004); *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002), *cert. denied*, 537 U.S. 1178 (2003); *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999); and *United States v. Strandquist*, 993 F.2d 395, 401 (4th Cir. 1993).

Note 1 of the Commentary to U.S.S.G. § 3E1.1 lists a number of "appropriate considerations" for a district court in deciding whether to grant a reduction for acceptance of

responsibility, including: truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable; voluntary termination or withdrawal from criminal conduct or associations; voluntary payment of restitution prior to adjudication of guilt; voluntary surrender to authorities promptly after commission of the offense; voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense; voluntary resignation from the office or position held during the commission of the offense; post-offense rehabilitative efforts; and the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

A guilty plea does not necessarily entitle a defendant to a reduction for acceptance of responsibility. *United States v. McKenzie-Gude*, 671 F.3d 452, 463 (4th Cir. 2011) (no clear error in denying reduction for acceptance of responsibility where defendant made "totally incredible" statements to probation officer about certain of his criminal conduct in the face of credible evidence to the contrary); *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) ("merely pleading guilty" does not entitle defendant to reduction for acceptance of responsibility); *Harris*, 882 F.2d at 905; U.S.S.G. § 3E1.1, cmt. n.3 (guilty plea is evidence of acceptance of responsibility but "may be outweighed by conduct of the defendant which is inconsistent with an acceptance of responsibility"). *But cf. Kise*, 369 F.3d at 771-74 (defendant who pled guilty, confessed to extensive related conduct, and turned over "instrumentalities" of his crime entitled to reduction for acceptance of responsibility, even though he essentially told sentencing judge that he thought the offending conduct, sexual activity involving children, should be permitted).

Should the Court overrule the defendant's objections to drug weight and/or the § 2D1.1(b)(12) premises enhancement, the government respectfully submits that the Court should

then proceed to consider whether, in light of these objections, the defendant is entitled to a reduction for acceptance of responsibility.

## The Sentence

Following *United States v. Booker*, 543 U.S. 220, 235 (2005) and *United States v. Hughes*, 396 F.3d 374, 379-81 (4th Cir. 2005) "district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)." *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir.) (footnote omitted) (*citing United States v. Hughes*, 401 F.3d 540, 546), *cert. denied*, 547 U.S. 1156 (2006); *accord United States v. Raby*, 575 F.3d 376, 380-82 (4th Cir. 2009); *United States v. Evans*, 526 F.3d 155, 162-64 (4th Cir.), *cert. denied*, 555 U.S. 977 (2008); *United States v. Hernandez-Villanueva*, 473 F.3d 118, 122-24 (4th Cir. 2007); *United States v. Eura*, 440 F.3d 625, 632 (4th Cir. 2006); and *United States v. Moreland*, 437 F.3d 424, 432-33 (4th Cir.), *cert. denied*, 547 U.S. 1142 (2006).

The factors which may now be considered in fashioning a "reasonable" sentence, almost on an equal footing with the "advisory" Guidelines, are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available ...

[paragraphs (4) and (5) refer to the Sentencing Guidelines]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *Accord Moreland*, 437 F.3d at 433-34; and *Green*, 436 F.3d at 455.

The defendant pled guilty to conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). The defendant faces a mandatory minimum sentence of five years, a maximum sentence of forty years' imprisonment, at least four years of supervised release, a fine up to $5,000,000 and a $100 special assessment.

As set forth in the PSR, the defendant conspired to distribute and possess with intent to distribute marihuana from 2009 until his arrest on September 14, 2015. The defendant is attributed with 4,010.4 lbs. of marihuana (1,819.09 kilograms). The defendant receives a guideline enhancement for maintaining a premises for manufacturing and distributing marihuana.

As set forth in the PSR, the Guidelines recommend a sentence of 108-135 months' imprisonment. A sentence within the Guideline range would appropriately reflect "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The government submits that a sentence within the Guideline range is necessary to protect the public, afford adequate deterrence and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A), (B), (C).

**Conclusion**

For the reasons stated, the United States therefore asks this Court to impose a sentence within the Guideline range of 108-135 months' imprisonment. The United States respectfully defers to the Court on the appropriate sentence within that range.

Respectfully Submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Darryl J. Mitchell
VA Bar No. 37411
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: (757) 441-6331
Facsimile: (757) 441-6689
Email: darryl.mitchell@usdoj.gov

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Eric Leckie, Esq.
2408 Princess Anne Road
Virginia Beach, Virginia 23456
(757) 474-2930
Eric.leckie@leckielaw.com

I certify that on this 5th day of October 2016, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be sent to the following:

Anita G. Powell
US Probation Office
827 Diligence Drive, Suite 210
Newport News, VA 23606
Anita_Powell@vaep.uscourts.gov

/s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov