# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:16-CR-23** |
| | ) | |
| **TROY L. JOHNSON** | ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW Defendant Troy L. Johnson, by counsel, and respectfully submits the following as Defendant's position with respect to his sentencing:

### I. Outstanding Defense Objection to Presentence Report

*A. Offense Level Computation (Paragraph 20, Base Offense Level)*

Defendant objects to the attribution to him of 4010.4 pounds (or 1819.09 kilograms) of marijuana. In his signed stipulation of facts, Defendant admitted to possessing 300 pounds of marijuana (or 136 kilograms) and roughly $150,000 in U.S. Currency, which translates roughly into an additional 300 pounds (or 136 kilograms) of marijuana. The only evidence which would support the notion that Defendant should be held responsible for the remaining 3410 pounds of marijuana comes directly from one of Defendant's co-defendants, Fernando Copeland (also known as "Danny"). Mr. Copeland is a convicted felon and is also classified as a career offender. Defendant has not had an opportunity to cross examine Mr. Copeland and any information he has provided to the government has clearly been provided with an eye towards "helping himself out" in any way possible.

   i.   $303,960 in U.S. Currency

Other than the statement of Mr. Copeland, there is no evidence whatsoever that Defendant had any involvement with the $303,960 seized from a car in Missouri in January 2015. See PSR, paragraph 6. As such, and for the reasons stated above concerning Mr. Copeland's credibility, Defendant objects to the roughly 600 pounds of marijuana that were attributed to him as a result.

    *ii.      Numerous trips to Arizona to purchase Marijuana*

Likewise, there is no evidence to support the statement(s) Mr. Copeland made to the government concerning the trips to Arizona that he and Defendant allegedly made to purchase marijuana. See PSR, paragraphs 9 through 13. As such, and for the reasons stated above concerning Mr. Copeland's credibility, Defendant objects to the roughly 2900 additional pounds of marijuana that were attributed to him as a result.

**B. *Offense Level Computation (Paragraph 21, Specific Offense Characteristics)***

Defendant objects to the two-point enhancement given to him for "maintaining a drug involved premises." The guidelines manual allows a two-point enhancement if "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG §2D1.1(b)(12). It is of course undisputed that roughly $150,000 in U.S. Currency was located in a vent in Defendant's apartment in Virginia Beach. No controlled substance or packaging paraphernalia was ever located at that location, however. Again, there is no evidence other than the statement of Mr. Copeland that he and Defendant "packaged sums of money used to purchase marijuana at Troy Johnson's apartment" that Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance. See PSR, paragraph 13.

## II. Argument

18 U.S.C. Section 3553 (a)'s overarching mandate directs that a "court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in" Section 3553 (a)(2). The mandatory minimum required sentence for Defendant in this case is 60 months. Defendant respectfully submits that a 60-month sentence is sufficient but not greater than necessary in this case.

In its determination, the Court shall consider certain factors under Section 3553, including, but not limited to, the following:

### A. *Nature and Circumstances of the Offense*

Count 1 of the indictment in this matter is Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). The guideline for 21 U.S.C. §841(a)(1) offenses is found in USSG §2D1.1 of the guidelines.

Defendant has admitted to possessing roughly 300 pounds (or roughly 136 kilograms) of marijuana. This is true despite the fact that said marijuana was found in a vehicle not occupied by Defendant. Defendant has likewise admitted that roughly $150,000 in U.S. Currency found in his apartment was connected to the sale of marijuana. Defendant agrees with the Government that $150,000 represents roughly 136 additional kilograms of marijuana. The Government has not presented credible evidence to prove by a preponderance of the evidence that Defendant should be attributed with any additional marijuana. The total amount of marijuana the Government has proven should be attributed to Defendant is 272 kilograms. Defendant's base offense level therefore should be 24, not 30. See USSG §2D1.1(c)(8).

Likewise, the Government has not proven by a preponderance of the evidence that Defendant maintained a "drug-involved premises." The guidelines manual allows a two-point

enhancement if "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG §2D1.1(b)(12). The mere presence of U.S. currency in Defendant's apartment does not in any way establish by a preponderance of the evidence that Defendant maintained the apartment for the purpose of manufacturing or distributing a controlled substance. A two-point enhancement is appropriate for defendants who perhaps "cook" crack cocaine out of their residence or sell drugs directly from the property. Because Defendant does not fit into the above-referenced category of defendants, the Government has not proven by a preponderance of the evidence that Defendant should be given a two-point enhancement for maintaining a drug-involved premises.

*B. History and Characteristics of Defendant*

Defendant had a rough childhood. Defendant bounced around the homes of his mother, his father, and maternal and paternal aunts through age 13. Now 36 years of age, Defendant remarked with incredible candor that "maybe nobody wanted me" when asked by the probation officer why he was forced to alternate between homes of family members growing up. PSR, page 13.

Defendant's involvement in the marijuana distribution business made him feel wanted. With the proceeds from the sale of marijuana he was able to make his two children comfortable with their respective mothers. Defendant has acknowledged that drug-dealing to earn a living is wrong, however, as evidenced by his decision to plead guilty shortly after being taken into federal custody. Defendant's willingness to take responsibility, as well as his post-arrest conduct to mitigate his offenses, has saved both the Government's and this Court's time and resources.

### III. Conclusion

WHEREFORE, for the reasons stated above, Defendant Troy L. Johnson, by counsel,

humbly requests this Court to sentence Defendant to a term of 60 months of incarceration. This term of incarceration is above what Defendant humbly submits is the proper guideline in this matter: 46 to 57 months. (See Federal Guideline for Criminal History Category III and Offense Level 21.) Such a term would be sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a).

    Respectfully submitted,

    **TROY L. JOHNSON**

    By:_____/s/_____
           *Of Counsel*

Eric Leckie, Esq. (VSB #86847)
2408 Princess Anne Road
Virginia Beach, VA 23456
(757) 474-2930
Eric.leckie@leckielaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Darryl J. Mitchell, Esq.
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
darryl.mitchell@usdoj.gov
*Attorney for the United States*

I hereby certify that on this 5th day of October, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

Anita G. Powell
United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606
(757) 223-4659
anita_powell@vaep.uscourts.gov

                                                /s/
                                    Eric Leckie, Esq. (VSB #86847)
                                    2408 Princess Anne Road
                                    Virginia Beach, VA 23456
                                    (757) 474-2930
                                    Eric.leckie@leckielaw.com
                                    *Counsel for Defendant*