IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr23 |
| | ) | |
| **DENZELL ALEXANDER JOHNSON** | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

In accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the Probation Officer's presentence report ("PSR") prepared in this matter, and that it does not dispute any of the factors or facts set out therein.

Further, the United States moves for the defendant to receive the additional one level reduction under Section 3E1.1(b) of the <u>Sentencing Guidelines and Policy Statements</u>.

### The Defendant's Objections

1.      Previously, the defendant raised objections to the total drug weights attributed to him in the PSR as well as to the Probation Officer's failure to apply a four-level reduction to the defendant's offense level pursuant to U.S.S.G. § 3B1.2(a) (Mitigating Role).  The government understands that the defendant has withdrawn these two objections.

2.      The defendant persists in his objection to the application of a two-level enhancement to his offense level pursuant to U.S.S.G. § 2D1.1(b)(12). United States Sentencing Guidelines § 2D1.1(b)(12) states, "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels.  After reviewing §

2D1.1(b)(12) and Application Note 17 at § 2D1.1, the government submits that it cannot meet its burned of proof as to this enhancement with respect to this particular defendant.  Therefore, the government concedes the defendant's objection to the two-level U.S.S.G. § 2D1.1(b)(12) enhancement and agrees that it should be stricken from the defendant's guidelines.  The elimination of the premises enhancement from the defendant's guidelines reduces the defendant's adjusted offense level to 22, his total offense level to 19 and his guidelines range to 30 to 37 months.

## The Sentence

Following *United States v. Booker*, 543 U.S. 220, 235 (2005) and *United States v. Hughes*, 396 F.3d 374, 379-81 (4th Cir. 2005) "district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)." *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir.) (footnote omitted) (*citing United States v. Hughes*, 401 F.3d 540, 546), *cert. denied*, 547 U.S. 1156 (2006); *accord United States v. Raby*, 575 F.3d 376, 380-82 (4th Cir. 2009); *United States v. Evans*, 526 F.3d 155, 162-64 (4th Cir.), *cert. denied*, 555 U.S. 977 (2008); *United States v. Hernandez-Villanueva*, 473 F.3d 118, 122-24 (4th Cir. 2007); *United States v. Eura*, 440 F.3d 625, 632 (4th Cir. 2006); and *United States v. Moreland*, 437 F.3d 424, 432-33 (4th Cir.), *cert. denied*, 547 U.S. 1142 (2006).

The factors which may now be considered in fashioning a "reasonable" sentence, almost on an equal footing with the "advisory" Guidelines, are:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available ...

[paragraphs (4) and (5) refer to the Sentencing Guidelines]

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *Accord Moreland*, 437 F.3d at 433-34; and *Green*, 436 F.3d at 455.

The defendant pled guilty to possess with intent to distribute 50 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). The defendant faces a maximum sentence of twenty years' imprisonment, at least three years of supervised release, a fine up to $1,000,000 and a $100 special assessment.

As set forth in the PSR, the defendant is attributed with 378.565488 kilograms of marihuana. The defendant has fully accepted responsibility. The defendant has received an additional two-level reduction pursuant to U.S.S.G. § 5C1.2 (the "Safety Valve"). The defendant has a criminal history category of I. Upon the Court's elimination of the § 2D1.1(b)(12) premises enhancement from his guidelines, the defendant's range will be 30 to 37 months.

According to the PSR, the defendant was raised locally by his single mother. Following an incident, the defendant's father was not allowed contact. The defendant graduated from Oscar Smith High School in Chesapeake in 2011. Now 23 years old, the defendant is not married but has fathered two children. The defendant's children, a three old daughter and an eight month old son, live with their mother in Norfolk. The children's mother is gainfully employed. The defendant has a sporadic work history. He reports working for his grandfather since high school. The defendant worked for approximately one month in early 2016 as a loader for Art FX. He was previously employed in the same capacity from September 2012 to February 2013. Currently, the defendant is working as a laborer with Allied Research Technology, Inc. in Chesapeake.

The defendant was previously diagnosed with ADHD for which he received treatment as an adolescent. The defendant began using marihuana at age 12 and used marihuana up until the month before his arrest in this case. The defendant reports that he stopped using marihuana because he intended to join the merchant marine. The defendant successfully completed a substance abuse treatment program as part of his bond conditions for the current offense. The defendant's counselor reported that the defendant was open and engaged in the program and displayed a positive attitude. The defendant completed an anger management class as required after being charged with assault and battery of his sister in 2011.

As set forth in the PSR, the Guidelines recommend a sentence of 30 to 37 months' imprisonment. A sentence within the Guideline range would appropriately reflect "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The government submits that a sentence within the Guideline range is necessary to protect the public, afford adequate deterrence and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A), (B), (C).

**Conclusion**

For the reasons stated, the United States therefore asks this Court to impose a sentence within the Guideline range of 30-37 months' imprisonment. The United States respectfully defers to the Court on the appropriate sentence within that range.

                                  Respectfully Submitted,

                                  Dana J. Boente
                                  United States Attorney

By:          /s/
                                  Darryl J. Mitchell
                                  VA Bar No. 37411
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  101 West Main Street, Suite 8000
                                  Norfolk, VA 23510
                                  Phone: (757) 441-6331
                                  Facsimile: (757) 441-6689
                                  Email: darryl.mitchell@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Keith L. Kimball, Esquire
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0800
Facsimile: (757) 457-0880
Email: keith_kimball@fd.org

I certify that on this 6th day of October 2016, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be sent to the following:

Kristie M. Milby
US Probation Office
827 Diligence Drive, Suite 210
Newport News, VA 23606
kristie_milby@vaep.uscourts.gov

/s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov